1  PAUL L. REIN, State Bar No. 43053
   CELIA MCGUINNESS, State Bar No. 159420
2  CATHERINE CABALO, State Bar No. 248198
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Drive, Suite A
   Oakland, CA  94612
4  Telephone:  (510) 832-5001
   Facsimile:  (510) 832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiffs
   KENNETH E. STEIN and INGRID V. TISCHER
7
   *  *Defendants and their counsel are listed after the caption*
8

   UNITED STATES DISTRICT COURT

   FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. STEIN and INGRID V. TISCHER,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC. doing business as COURTYARD ASSOCIATES, L.P.; MARRIOTT INTERNATIONAL, INC.; CBM ASSOCIATES II, L.P.; C2 LAND, L.P.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 13-CV-05982 HSG<br><br>**Civil Rights**<br><br>**CONSENT DECREE AND ORDER AS TO INJUNCTIVE RELIEF ONLY**<br><br>Action Filed: December 30, 2013<br>Trial:  March 14, 2016 |

Andrew J. Sommer, State Bar No. 192844
CONN MACIEL CAREY LLP
201 Spear Street, Suite 1100
San Francisco, California 94105
Telephone: (415) 757-3446
Facsimile: (415) 757-3447
asommer@connmaciel.com

Kara M. Maciel, Admitted *Pro Hac Vice*
CONN MACIEL CAREY PLLC
5335 Wisconsin Avenue, NW
Suite 660
Washington, DC 20015
Telephone: (202) 909-2730
Facsimile: (202) 827-7904
kmaciel@connmaciel.com

---

CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF; Case No. C13-5982 HSG

Attorneys for Defendants
Marriott International, Inc., CBM
Associates II, L.P., and C2 Land, L.P.

1. Plaintiffs KENNETH E. STEIN and INGRID V. TISCHER (sometimes referred to together as "Plaintiffs") filed a Complaint in this action on December 30, 2013, to obtain recovery of damages for their discriminatory experiences, denial of access, and denial of their civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants MARRIOTT INTERNATIONAL, INC. doing business as COURTYARD ASSOCIATES, L.P.; MARRIOTT INTERNATIONAL, INC.; CBM ASSOCIATES II, L.P.; C2 LAND, L.P., relating to the condition of the subject public accommodation as of May 21, 2013, and continuing.  Plaintiffs have alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code; and sections 17200 *et seq.* of the California Business and Professions Code by failing to provide full and equal access to their facilities at 2500 Larkspur Landing Circle, Larkspur, California ("Subject Property").

2. On May 8, 2015, Plaintiffs filed a First Amended Complaint. Defendants Marriott International, Inc. CBM Associates II, L.P. and C2 Land, L.P. (defendants sometimes referred to together as "Defendants") filed an answer to Plaintiffs' First Amended Complaint generally denying any wrongdoing or liability and further denying that Defendants are proper defendants in this lawsuit.

3. Plaintiffs and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and litigation expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3.

5. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all injunctive relief claims raised in the First Amended Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiffs' injunctive relief claims against Defendants that have arisen out of the subject First Amended Complaint. The Parties agree that there is no admission or finding of liability, guilt or violation of the law, and that this Consent Decree and Order should not be construed as such. The Parties further agree that there is no admission or finding that Defendants are properly named defendants.

7. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

a) **Remedial Measures:** The corrective work agreed upon by the Parties is set forth in **Attachment A**. Defendants do not admit that the summary of alleged barriers identified by Plaintiffs in Attachment A accurately describes the condition of the Subject Property.

b) **Timing of Injunctive Relief**: Defendants will submit plans for all corrective work requiring permits to the appropriate governmental agencies within six (6) months of the entry of this Consent Decree by the Court. Defendants will commence work within six (6) months of receiving approval from the appropriate agencies. Defendants will complete all corrective work by March 1, 2017. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, Defendants or their counsel will notify Plaintiffs' counsel in writing within 30 days of discovering the delay. Plaintiffs will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Defendants' notice. Plaintiffs will not unreasonably withhold consent for a reasonable extension of time to complete remediation. If the Parties cannot reach agreement regarding the delay within an additional fifteen days, Plaintiffs may seek enforcement by the Court. Defendants or their counsel will notify Plaintiffs' counsel when the corrective work is completed.

c) If Defendants fail to complete the corrective work on the agreed upon timetable, Plaintiffs may file a motion with the Court to compel compliance with these terms only after first meeting and conferring in good faith with Defendants. Plaintiffs reserve the right to seek reasonable attorneys' fees in connection with bringing such motion to compel compliance. Defendants reserve the right to oppose Plaintiffs' request for fees on the grounds that such fees are unnecessary, duplicative or otherwise not reasonable.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

8. The Parties have not reached any agreement regarding Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs. These matters will be the subject of future negotiation or litigation as necessary. <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

9. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

10. This Consent Decree and Order shall be binding on Plaintiffs, Defendants, and any successors-in-interest. The Parties have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this

Consent Decree and Order applies to all such further loss by Plaintiffs with respect to the lawsuit, except those caused by Defendants subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by Plaintiffs to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs.

12.     Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs – Plaintiffs and their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharge Defendants, and each of them, and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of Defendants, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the corrective work contemplated by this Order is completed, whichever occurs later.

**DISPUTE RESOLUTION**

14. The Parties will negotiate in good faith to resolve any dispute relating to the interpretation or implementation of this Consent Decree and Order. In the event Plaintiffs believe that Defendants are not in compliance with the terms of this Consent Decree and Order, Plaintiffs will notify Defendants in writing of the alleged noncompliance.

15. Defendants will have thirty (30) days, following receipt of the notification, to respond to Plaintiffs in writing concerning the alleged violations or noncompliance. Following Plaintiffs' receipt of Defendants' response, if any, to any alleged violations or noncompliance, the Parties will negotiate in good faith for at least fifteen (15) days to resolve their differences.

16. If the Parties are unable to resolve the dispute(s) after the process outlined above in Paragraphs 14 and 15 above, the Parties agree to submit the dispute(s) to mediation with the ADR Unit of the U.S. District Court, Northern District of California. If the dispute(s) has/have not resolved at mediation, the Parties agree to continue negotiating for at least ten (10) days after mediation concludes.

17. Plaintiffs agree not to file any motion or other legal action to enforce this Consent Decree and Order until this dispute resolution process has been completed and then only if the alleged violations or noncompliance have not been corrected as a result of the dispute resolution effort by the Parties. Any motion or other legal action to enforce this Consent Decree and Order will be brought in the

Court in which this action is currently pending.  Plaintiffs reserve the right to seek reasonable attorneys' fees in connection with bringing any motion or other legal action to enforce this Consent Decree and Order.  Defendants reserve the right to oppose Plaintiffs' request for fees on the grounds that such fees are unnecessary, duplicative or otherwise not reasonable.

**SEVERABILITY:**

18.   If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

19.   Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile or electronic signature shall have the same force and effect as an original signature.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Case 4:13-cv-05982-HSG   Document 42   Filed 09/14/15   Page 9 of 12

Dated: July __, 2015          PLAINTIFF KENNETH E. STEIN

_____
KENNETH E. STEIN

Dated: July __, 2015_____PLAINTIFF INGRID V. TISCHER

_____
INGRID V. TISCHER

Dated: July ___, 2015          DEFENDANT MARRIOTT INTERNATIONAL, INC.

By: _____

Print name: _____

Title: _____

Dated: July ___, 2015          DEFENDANT CBM ASSOCIATES II, L.P.

By: _____

Print name: _____

Title: _____

Dated: July ___, 2015_____DEFENDANT C2 LAND, L.P.

By: _____

Print name: _____

Title: _____

_____

- 9 -
CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF; Case No. C13-5982 HSG

APPROVED AS TO FORM:

Dated: September 3, 2015          LAW OFFICES OF PAUL L. REIN


___*/s/ Catherine Cabalo*___
By: CATHERINE CABALO, ESQ.
Attorneys for Plaintiffs
KENNETH E. STEIN and INGRID V. TISCHER


Dated: September 3, 2015          CONN MACIEL CAREY LLP


___*/s/ Andrew Sommer*___
By: ANDREW SOMMER, ESQ.
Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.
CBM ASSOCIATES II, L.P., and C2 LAND, L.P.

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated:  9/14/2015

_____
Honorable Haywood S. Gilliam
United States District Judge

**FILER'S ATTESTATION**

Pursuant to General Order 45, section X(B), I hereby attest that on September 3, 2015, I, Catherine Cabalo, attorney with The Law Office of Paul L. Rein, received the concurrence of Andrew Sommer in the filing of this document.

                                                  */s/ Catherine Cabalo*
                                                  Catherine Cabalo